NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN LEWIS SMITH, *Petitioner*.

No. 1 CA-CR 15-0037 PRPC
FILED 1-3-17

Petition for Review from the Superior Court in Maricopa County
No. CR2007-008780-001
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Stephen Lewis Smith, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

**¶1**        Stephen Lewis Smith petitions this court for review from the summary dismissal of his third petition for post-conviction relief. We grant review, but deny relief.

**¶2**        In 2008, Smith pled guilty to two counts of attempted sexual exploitation of a minor, both class 3 felonies. In his petition for review, Smith argues the superior court should not have summarily denied his petition for post-conviction relief under Arizona Rule of Criminal Procedure 32.1(h) because the State failed to identify any "actual" minor under Arizona Revised Statutes ("A.R.S.") section 13-3553(A)(2) (2010) (defining crime of sexual exploitation of a child as possessing "any depiction in which a minor is engaged in exploitative exhibition or other sexual conduct"),[1] and *State v. Hazlett*, 205 Ariz. 523, 527, ¶ 11, 73 P.3d 1258, 1262 (App. 2003) (violation of A.R.S. § 13-3553 requires actual living human being). Therefore, Smith argues he was actually innocent of the crimes he pled guilty to, and the superior court should not have summarily denied his third petition for post-conviction relief. Reviewing the superior court's ruling for an abuse of discretion, we reject this argument. *See State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (appellate court reviews ruling on post-conviction petition for abuse of discretion) (citations omitted).

**¶3**        Under Rule 32.1(h), a defendant claiming actual innocence in a post-conviction petition must show "by clear and convincing evidence that . . . no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt." At the change of plea hearing, the prosecutor described the electronic images Smith possessed on his computer as images that were "visual depictions in which minors were engaged in exploitative sexual conduct." Counsel for Smith added, "[s]ome of them were very obviously under 15 years of age." The superior court

---

[1]The Legislature has not amended this statute since the date of Smith's offenses. Thus, we cite to the current version of the statute.

asked Smith if he agreed with the factual basis as set out by the prosecutor and his attorney. Smith responded, "yes." In his third petition for post-conviction relief, Smith offered no evidence to support that he was actually innocent. Instead, without citation to authority, he asserted the state was required to establish the actual identity of the minor or minors to satisfy the actual victim requirement of *Hazlett*. Neither *Hazlett* nor A.R.S. § 13-3553, however, require proof of the actual identity of the minor or minors. Because Smith has not presented any evidence he was actually innocent, we agree with the superior court that he has not met his burden under Rule 32.1(h).

¶4        To the extent Smith challenges the adequacy of the factual basis for his plea, he is barred from doing so here. Pursuant to Ariz. R. Crim. P. 32.2(a)(2), a defendant is precluded from relief on a ground raised and adjudicated on the merits in a previous collateral proceeding. Smith challenged the factual basis for his plea in the second petition for post-conviction relief. Because the superior court adjudicated that challenge on the merits in denying Smith's second petition for post-conviction relief, Smith is precluded from asserting that challenge again.

¶5        For the foregoing reasons, the superior court properly dismissed Smith's third petition for post-conviction relief. Accordingly, although we grant review, we deny relief.

